**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Chris Sullivan, et al.,

           Plaintiffs,

   v.

John Doe,

           Defendant(s).

Case No. 2:24-cv-02180-GMN-BNW

**REPORT AND RECOMMENDATION**

Plaintiffs initiated this action against John Doe Defendants for trade libel/commercial disparagement based on allegedly false and defamatory comments that Defendants made on Plaintiffs' Google reviews website. ECF No. 1. Plaintiffs then moved for an order authorizing early discovery to obtain the identities of the Doe Defendants, which this Court granted. ECF Nos. 5 and 6. The last filing in this case was a notice of subpoena on January 4, 2025. ECF No. 9. The Court filed a notice of intent to dismiss in December of 2025. ECF No. 10. Nothing has been filed in this case since.

Under Local Rule 41-1, "[a]ll civil actions that have been pending in this court for more than 270 days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the court sua sponte or on the motion of an attorney or pro se party." This is a civil action that has been pending for more than 270 days without any proceeding of record, and Plaintiffs have had notice that the case may be dismissed. Accordingly, this Court recommends that the case be dismissed without prejudice for want of prosecution.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because Plaintiffs have failed to participate in litigating this action for over a year, the only alternative is to enter another notice directing Plaintiffs to participate in their case. The circumstances here do not indicate that Plaintiffs did not receive the court's order, nor is this Court aware of any justification for their failure to prosecute. Entering another order and expending more judicial resources is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal. In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

/ /

/ /

/ /

/ /

/ /

**IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED** for want of prosecution.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 10, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE